**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

| | |
|---|---|
| JOHN SCOTT, | : No. 57 EAP 2014 |
| | : |
| | : Appeal from the Order of the |
| v. | : Commonwealth Court entered on |
| | : 3/21/2014 at No. 154 CD 2013 |
| | : (reargument denied 5/8/2014) reversing |
| CITY OF PHILADELPHIA, ZONING | : and remanding the order of the Court of |
| BOARD OF ADJUSTMENT AND FT | : Common Pleas, Civil Division, |
| HOLDINGS L.P., | : Philadelphia County, dated 1/09/2013 at |
| | : No. 02091, June Term, 2012 |
| | : |
| APPEAL OF: FT HOLDINGS L.P. | : 88 A.3d 1071 |
| | : |
| | : ARGUED: May 6, 2015 |

**OPINION**

**MR. JUSTICE BAER**                    **DECIDED: October 29, 2015**

FT Holdings, L.P., (hereafter, FT) sought and obtained variances from the Philadelphia Zoning Board of Adjustment (hereafter, the Board) following a proceeding at which counsel for John Scott (Objector) protested against the requested variances. When Objector appealed the grant of variances to the trial court, FT responded by challenging Objector's standing. The trial court agreed with FT that Objector lacked standing to appeal, and quashed his appeal without considering the merits. Objector further appealed, and the Commonwealth Court held that FT waived its challenge to Objector's standing by not raising it before the Board. Thus, it concluded that the trial court should have heard the merits of Objector's appeal. FT now appeals the

Commonwealth Court's decision to this Court. Upon consideration of the arguments, we agree with FT that the Commonwealth Court erred in finding FT's challenge to Objector's standing waived, and hold that FT's challenge to Objector's standing was properly raised for the first time in the trial court. Accordingly, we remand to the Commonwealth Court for consideration of Objector's standing to appeal the Board's grant of variances in favor of FT.

FT is in the process of developing a condominium complex in the City of Philadelphia.[1] As part of this development, on March 9, 2012, FT submitted an application for a zoning/use permit to the Philadelphia Department of Licenses and Inspections concerning three adjacent properties that it owned which were to become part of an expansion of the condominium complex. FT sought to relocate lot lines, to consolidate and merge two lots into the third lot, to demolish the existing structures on two of the lots, and to erect a four story residential structure containing nine units.

The Department of Licenses and Inspections denied the application for a zoning/use permit pursuant to the Philadelphia Zoning Code (Zoning Code).[2] On April 10, 2012, FT appealed the denial to the Board and requested the appropriate variances. The Board held a hearing on May 2, 2012.[3] At the hearing, FT's counsel explained that

---

[1] This development, known as the Icehouse Condominium, is a three-phase residential condominium located in the Fishtown section of Philadelphia.

[2] Specifically, FT's proposed use violated Section 14-205 of the Philadelphia Zoning Code because the proposed use was not permitted in that zoning district, it did not contain enough open area, exceeded the maximum height of thirty-five feet, and the maximum number of stories by one; it violated Section 14-113 because it created a condition of multiple structures that lacked the required yards; and it violated Section 14-1402 because it proposed only thirty-two off-street parking spaces, instead of the required thirty-five.

[3] Prior to the hearing, FT met with the Fishtown Neighbors Association to address and resolve the neighbors' concerns about the project. Objector did not participate in (…continued)

the Board had previously authorized development of twenty-six residential units and that FT sought the variances to implement "Phase 3" of the development. Counsel for Objector appeared on his behalf and presented his concerns about the development, asserting that FT had failed to establish undue hardship sufficient to warrant a variance, that the proposed structure violated height restrictions, that it did not conform to the character of the neighborhood, that there would be less light on the street, and asserted without substantiation that the structure would create traffic and parking issues on the street. FT did not object to Objector's counsel's participation before the Board. The Board granted the variances on May 17, 2012.

On June 18, 2012, Objector appealed the Board's decision to the trial court. We note, as background, that because the present zoning appeal arose in the City of Philadelphia, it is governed by the Philadelphia Home Rule Charter, 351 Pa.Code §§ 1.1-100-12.12-503, adopted pursuant to the General Assembly's enactment of the "First Class City Home Rule Act" (Home Rule Act),[4] and the Philadelphia Zoning Code. Section 17.1 of the Home Rule Act, 53 P.S. § 13131.1, provides standing in appeals from zoning matters "to any aggrieved person." For an individual to be aggrieved, and therefore to have standing to appeal a decision of the Board, he or she must have "a substantial, direct and immediate interest in the claim sought to be litigated." Spahn v. Zoning Bd. of Adjustment, 977 A.2d 1132, 1149 (Pa. 2009) (citing William Penn Parking Garage, Inc. v. City of Pittsburgh, 346 A.2d 269 (Pa. 2009)).

---

(continued…)
this meeting. The result of the meeting was a vote in favor of the project and a letter of community support. Accordingly, the neighborhood association did not oppose FT's requests for variances before the Board.

[4] Act of April 21, 1949, P.L. 665, as amended by the Act of June 1, 1995, P.L. 45, 53 P.S. §§ 13101-13157.

FT intervened in Objector's appeal from the Board to the trial court, and on December 3, 2012, moved to quash the appeal, arguing that Objector lacked standing because he was not aggrieved by the Board's decision as required by Section 17.1 of the Home Rule Act and Spahn. Specifically, FT argued that Objector presented no evidence that his interest would be affected by the proposed development; that Objector's conduct following the hearing showed that his objections were for purely pecuniary gain as he demanded monetary compensation from FT in exchange for withdrawing his appeal; Objector did not attend the neighborhood association's meeting regarding the project, which was held prior to the hearing before the Board and provided concerned members of the public the opportunity to voice their opinions, and which resulted in a vote in favor of the project as well as a letter of community support; and Objector's concerns were general to the neighborhood and did not demonstrate any negative impact on him in particular.[5]

Objector responded that FT's challenge to his standing should have been raised before the Board. Because FT did not oppose his participation before the Board, Objector argued that the challenge was waived. In support of this argument, Objector relied on a line of cases that arose under the Municipalities Planning Code (MPC), 53 P.S. § 10101 *et seq.* As will be further developed below, the MPC does not apply to the City of Philadelphia, which, as noted, is governed instead by the Home Rule Act and the Zoning Code. See, e.g., Society Created to Reduce Urban Blight (SCRUB) v. Zoning Bd. of Adjustment of Philadelphia, 729 A.2d 117, 120 (Pa.Cmwlth. 1999) ("[T]he

---

[5] In this respect, FT asserted that there is no direct line of sight from Objector's property to the development and his view would remain unobstructed, and Objector lived 350 feet away from the site of the development, too far for the development to have a negative impact on his light or air.

provisions of the MPC, including Section 908(3), do not govern Philadelphia."). Section 908(3) of the MPC provides that the parties to a hearing before the local zoning hearing board include any individuals or entities who are "permitted to appear by the board." 53 P.S. § 10908(3).[6]

Specifically, Objector relied on two cases: In re Larsen, 616 A.2d 529 (Pa. 1992) and Thompson v. Zoning Hearing Bd. of Horsham Twp., 963 A.2d 622 (Pa.Cmwlth. 2009). In In re Larsen, this Court applied the MPC to hold that where an individual appeared and participated before the zoning hearing board without objection by the landowner, he was a party, as defined by Section 908(3), to those proceedings, and was entitled to appeal the decision as an aggrieved party. In re Larsen, 616 A.2d at 591. We explained that any defect with respect to standing was waived by the landowner's failure to raise the defect before the board. Id. at 591-92. The Commonwealth Court reiterated this holding in Thompson, and further explained that because the objector therein "appeared and participated as a party before the [board] without objection by the landowner, she necessarily was aggrieved by the [board's] adverse decision and has standing to appeal that decision [to the trial court]." Thompson, 963 A.2d at 625. In both Larsen and Thompson, the courts relied on Baker v. Zoning Hearing Bd. of West Goshen Twp., 367 A.2d 819 (Pa.Cmwlth. 1976), in which

_____

[6] This section provides as follows:

(3) The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

53 P.S. § 10908(3).

the Commonwealth Court explained that "[w]hile any Person aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board," and held that where a resident appeared as a party before the zoning hearing board to oppose a building permit without objection by the landowner, she had a right to appeal to the trial court.

Objector additionally relied on South of South Street Neighborhood Ass'n v. Philadelphia Zoning Bd. of Adjustment, 54 A.3d 115 (Pa.Cmwlth. 2012).[7] In South of South Street, a Philadelphia case, the Commonwealth Court extended Thompson and Baker beyond their MPC context, without analysis of the distinction between the MPC and the Home Rule Charter of Philadelphia in terms of standing, to hold that because a neighborhood association participated as a party before the Board without objection from the landowner, the association had standing to appeal the Board's decision.

At a hearing before the trial court, Objector further asserted that he was aggrieved by the Board's grant of FT's requested variances.[8] Following argument, the

---

[7] We granted allowance of appeal in South of South Street on an issue unrelated to standing or waiver. See South of South St. Neighborhood Ass'n v. Philadelphia Zoning Bd. of Adjustment, 73 A.3d 525 (Pa. 2013) (granting allowance of appeal to determine whether "the Commonwealth Court issue[d] an opinion contrary to its prior decisions and the established case law of this Court by lowering the standard for obtaining a 'use variance' through improperly eliminating the 'minimum variance necessary to afford relief' element of determining a use variance, especially where there were no findings at any level in this matter that Respondent [Dung Phat] was seeking the minimum variance that would afford relief?"). We later dismissed this appeal as improvidently granted. South of South St. Neighborhood Ass'n v. Philadelphia Zoning Bd. of Adjustment, 97 A.3d 1200 (Pa. 2014).

[8] Objector specifically asserted that he was aggrieved because he has to drive by the project, it was inconsistent with the character of the neighborhood, he lives on the same block as the project, he does not want to look at it, and that FT failed to establish a hardship necessitating the variances.

trial court granted FT's motion to quash and dismissed Objector's appeal. Addressing first Objector's contention that a standing challenge had to be raised before the Board to avoid waiver, the trial court agreed with FT that it was irrelevant whether FT objected to Objector's standing to appear before the Board. Rather, the trial court perceived that the issue of standing to appeal from the Board to the trial court was distinct, could not have been raised previously, and therefore was not waived.

Turning next to the substantive issue of whether Objector had standing to appeal to the trial court, the trial court rejected Objector's argument that he was an "aggrieved party" as that term was discussed in Baker and Thompson, because those cases utilized the MPC definition of "party," a definition that is inapplicable in Philadelphia. Rather, the court examined Section 17.1 of the Home Rule Act, 53 P.S. § 13131.1 (granting standing to appeal from the Board to "any aggrieved person"), as applied in Spahn, which held that "a party is aggrieved if the party can show an interest that is substantial, direct, and immediate." Spahn, 977 A.2d at 1151 (citing William Penn Parking, 346 A.2d at 280). In this respect, the trial court held that Objector was not aggrieved because he failed to demonstrate that the variances would injure any of his interests. Tr. Ct. Op. at 9 ("Simply put, [Objector] does not want to look at [FT's] project.").

After the trial court denied Objector's motion for reconsideration, he appealed to the Commonwealth Court, which reversed. Scott v. City of Philadelphia, Zoning Bd. of Adjustment, 88 A.3d 1071 (Pa. Cmwlth. 2014). The Commonwealth Court did not reach the substantive question of Objector's standing. Instead, it held that FT's objection to standing to appeal to the trial court had been waived because FT did not raise it before the Board.

In reversing the trial court, the Commonwealth Court rejected FT's reliance on Spahn, which addressed when an individual is aggrieved and therefore has standing to appeal from the Board to the trial court in Philadelphia. The Commonwealth Court reasoned that Spahn solely analyzed "aggrievement" without mentioning whether the landowner was obligated to challenge an objector's standing before the Board, and therefore did not address whether a landowner's failure to challenge an objector's standing before the Board waived the standing challenge before the trial court. In contrast, this was the precise issue addressed by the Commonwealth Court in South of South Street. 54 A.3d at 119-20 (applying Baker and Thompson to hold that where the neighborhood association participated in the proceedings before the Board without objection from the landowner, it had standing to appeal to the trial court). Accordingly, the Commonwealth Court relied on Baker, Thompson, and South of South Street to hold that FT waived the issue of standing when it did not raise it before the Board. The Commonwealth Court did not address whether Objector was, in fact, aggrieved.

We granted allowance of appeal to resolve two issues:

(1) Whether the Commonwealth Court erred when it held that FT Holdings' objection to standing was untimely and the issue of standing was waived where, pursuant to the Pennsylvania's Supreme Court holding in Spahn v. Zoning Bd. of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009), standing to appear before the [Board] is fundamentally different than standing to appeal a [Board] decision to the Court of Common Pleas and the issue of standing was, therefore, timely raised by FT Holding[s'] Motion to Quash.

(2) Whether, pursuant to the Pennsylvania's Supreme Court's holding in Spahn v. Zoning Bd. of Adjustment, 602 Pa. 83, 977 A.2d 1132 (2009), John Scott lacks standing to appeal the decision of the Philadelphia Zoning Board of Adjustment and, as a result, the trial court properly dismissed his appeal with prejudice.

Scott v. City of Philadelphia, Zoning Bd. of Adjustment & FT Holdings L.P., 104 A.3d 1287 (Pa. 2014). Because these are questions of law, our standard of review is *de novo* and our scope of review is plenary. Mesivtah Eitz Chaim of Bobov, Inc. v. Pike Cnty. Bd. of Assessment Appeals, 44 A.3d 3, 6 (Pa. 2012); Buckwalter v. Borough of Phoenixville, 985 A.2d 728, 730 (Pa. 2009).

FT argues that this case is resolved by a straightforward application of Spahn, in which this Court interpreted Section 17.1 of the Home Rule Act (permitting appeals by any individual aggrieved by the Board's decision) by applying the definition of an aggrieved individual as established in William Penn Parking, 346 A.2d at 280 (as one who has a substantial, direct and immediate interest in the claim sought to be litigated) to appeals to the trial court from zoning decisions in Philadelphia. FT argues that because we defined standing to appeal from the Board to the trial court without obligating a landowner to preserve a standing challenge before the Board, there is no such obligation, and standing may be challenged for the first time on appeal to the trial court. FT asserts that this makes sense because whether an objector is aggrieved by a decision of the Board can only be determined after the Board's decision is rendered, not before the Board's decision. FT continues that because Objector's standing to appeal (*i.e.*, whether he was aggrieved within the meaning of William Penn Parking) could not have been raised until Objector was the appellant, FT challenged standing at the appropriate time before the trial court.

Responding to Objector's reliance on Thompson, FT argues that the court therein clearly stated that the MPC, and by implication cases interpreting it, are inapplicable to Philadelphia, in which standing is specifically resolved by Spahn. Thompson, 963 A.2d

at 625 n.6 (holding that a landowner outside of Philadelphia could not rely on Spahn "because that case was governed by the Zoning Code of the City of Philadelphia, not the MPC.").

FT contends that by dismissing the applicability of Spahn in favor of the Commonwealth Court's decision in South of South Street, the court below failed to recognize that South of South Street was decided incorrectly. According to FT, the holding in South of South Street (a case that arose in Philadelphia) that challenges to standing are waived unless presented to the Board, was premised on an improper application of the MPC, or non-Philadelphia cases, such as Thompson, to Philadelphia zoning cases. In contrast to the MPC, which limits participation before the zoning hearing board to "parties," the Philadelphia Code does not limit who may participate before the Board. The import of this distinction, according to FT, is that while many individuals may lodge objections and voice concerns to the Board, only those individuals whose interest in the application is actually affected in a substantial way after the Board issues its decision have the right to file an appeal to the trial court in accord with Spahn. FT asserts that the Commonwealth Court's decision in this case and in South of South Street improperly extended the reasoning of cases resolved under the MPC to cases arising under the distinct framework of Philadelphia, to which the MPC is not applicable.

The result of the Commonwealth Court decision in this case, according to FT, will be an end to open and inclusive hearings before the Board in favor of aggressive adversarial proceedings designed to investigate the background and motivation of every person appearing before the Board, so that the landowner may develop and preserve all

objections to standing. FT continues that the consequence to the landowner of failing to explore the standing of everyone appearing before the Board would be frivolous appeals from individuals who are not aggrieved by the Board's decision contrary to the requirement of Section 17.1 of the Home Rule Act and Spahn. If the Commonwealth Court's holding stands, FT asserts that anyone who appears before the Board or even merely fills out an appearance slip will be deemed to have standing to appeal through waiver of the right to object, which is the precise result that Section 17.1 of the Home Rule Act, as interpreted in Spahn, was designed to eliminate by specifically requiring an appealing party to be aggrieved in order to appeal from the Board.

FT continues that requiring standing objections to be raised on pain of waiver before the Board is an unworkable standard for several reasons. First, there is no discovery or prehearing investigation prior to a hearing before the Board, and the landowner is generally unaware of who will appear and object, what the objections will be, or what the objector's motivations are. As demonstrated in this case, FT had no prior knowledge of Objector's intentions, and had no basis to cross-examine him on standing. Second, FT asserts that requiring standing objections to be made before the Board is only workable where the objector actually testifies, which, in many cases, is not possible. For example, group concerns are usually represented by the testimony of one, a scenario encouraged by the Board's limitations on duplicative testimony. Similarly, FT speculates that any meaningful cross-examination on standing is impossible where an attorney appears on behalf of the objector, such as occurred here. Counsel for FT would have been unable to cross-examine Objector's counsel regarding Objector's standing. According to FT, the landowner's obligation before the Board is not

to cross-examine every objector, but to present evidence in support of the requested variance to enable the Board to make a proper decision.

FT finally argues that Objector is not aggrieved as that term is defined in <u>Spahn</u> and <u>William Penn Parking</u>, and therefore lacks standing to appeal to the trial court, because his interest is not substantial, direct, or immediate. Specifically, FT notes that Objector put forward no evidence that his interest would be adversely affected by the proposed development, but rather made purely generic arguments by referring to hardship, light, height, and parking. FT argues that such general, neighborhood concerns are insufficient to establish that he was personally aggrieved as required in <u>Spahn</u>.

The City of Philadelphia has filed a brief in support of FT responding to what it perceives to be an incorrect decision by the Commonwealth Court, and the burden the decision has imposed on the Board, which hears more than a hundred zoning appeals each month. The City agrees with FT that the Commonwealth Court in this case erred in following <u>South of South Street</u>, rather than <u>Spahn</u>. Like FT, the City reads <u>Spahn</u> as defining standing to appeal from the Board to the trial court, without regard for whether standing was challenged before the Board. The City asserts that the reason the <u>Spahn</u> Court did not expressly decide whether standing must be raised before the Board was because the Court did not consider it relevant to the issue of standing before the trial court. Rather, in addressing whether the appellant in <u>Spahn</u> was not aggrieved, and therefore lacked standing, the Court essentially omitted any analysis concerning questions of timing and waiver and presumed that the landowner could challenge standing for the first time in the trial court.

According to the City, cases from suburban counties subject to the MPC, such as Thompson and Baker, are not applicable to Philadelphia cases decided under the Zoning Code.  In addition, the City posits that the objecting neighbors in Thompson and Baker were specifically permitted to appear by the zoning board as "parties," see 53 P.S. § 10908(3), without objection by the landowner.  The City asserts that under these cases, and the MPC, it is necessary to appear and be considered a party in order to be adversely affected by the zoning board decision and to have standing to appeal.  In contrast, individuals participating before the Philadelphia Zoning Board of Adjustment are not required to receive permission to act as parties or otherwise voice their concerns about a development.

Turning to a broader examination of the impact of the Commonwealth Court's decision in this case and in South of South Street on the City's procedure and administration of zoning hearings, the City, like FT, argues that these determinations have created a substantial detrimental impact on the process of conducting zoning hearings in the City under the Zoning Code.  In this respect, the City asserts that only appellants (usually landowners) are required to demonstrate standing to appeal to the Board, while those who merely appear before the Board as objectors do not.  According to the City, anyone is free to attend and address the Board in its public hearings, without establishing either party status or standing.  In addition, anyone may submit a written "appearance slip" at the Board's hearings to entitle himself to written notification of the Board's decision, again without establishing standing.

If the holding below were to stand, the City asserts that all persons and organizations appearing before the Board, either personally or through a representative,

could appeal a decision to the trial court, regardless of whether they are aggrieved as required by Section 17.1 of the Home Rule Act and Spahn, absent a grounded objection by the landowner. The City argues that the practical effect of requiring the landowner to challenge the standing of everyone who comes before the Board, even via a representative or written appearance slip, would be to add detrimental delay to every proceeding. According to the City, one of the goals of the City's Zoning Code is promoting greater certainty and timeliness in the zoning process, which has allowed for improved economic development opportunities while achieving greater participation and input from neighbors and community groups. The City considers that the addition of doubt and time to the zoning process will undermine the achievement of this goal.

In response, Objector relies on the MPC cases noted above to argue that when a person is permitted to appear as a party before a zoning hearing board in opposition to a zoning application, he is entitled to appeal any adverse decision as an aggrieved party. See Baker, 367 A.2d 819; In re Larsen, 616 A.2d 529; Thompson, 963 A.2d 622. Objector further relies on South of South Street, 54 A.3d 115, as Commonwealth Court precedent arising out of Philadelphia that likewise penalized, on pain of waiver, a landowner's failure to challenge "a party's" standing/aggrievement before the Board. As Objector observes, the facts of South of South Street are identical to those herein. According to Objector, under South of South Street, standing must be raised at the Board level, otherwise a party adversely affected by the Board's decision is aggrieved *per se* without having to prove anything in the trial court.

Objector argues that this makes perfect sense from a policy perspective, because issues of justiciability, such as standing, should be dealt with early in the case,

before proceeding to the merits. Because Objector appeared before the Board, he argues that his status as an aggrieved party should have been challenged there, to ensure that all preliminary justiciability issues were resolved at the outset of the litigation.[9] Objector argues in favor of the Commonwealth Court's interpretation of Spahn as having nothing to do with when a challenge to standing must be brought, and asserts that if this Court had wanted Spahn to address the timing of a challenge to standing, we would have said so.

Turning to whether he is aggrieved, Objector focuses on his proximity to the development and his general concerns about parking, light, height, view, and traffic. He asserts that had FT questioned his aggrieved status before the Board, he would have provided further "testimony" (apparently, through counsel) on these details. Finally, Objector dismisses FT's and the City's concerns about the Board's procedure by asserting that the Commonwealth Court in this case simply applied long-standing precedent, and that no such chaos resulted from any of these prior cases.

The parties herein rely on different cases to support their position, with the City and FT arguing primarily that cases arising under the MPC are not precedential in Philadelphia. We will therefore address the differences between zoning appeals brought pursuant to the MPC and those that arise in Philadelphia, and the relevant precedent.

Beginning with the MPC, we note that Section 913.3, entitled "[p]arties appellant before the board," provides that "any person aggrieved" may file an appeal from a

---

[9] To be precise, Objector did not appear before the Board; rather, he sent counsel on his behalf.

zoning officer's decision to the zoning hearing board. 53 P.S. § 10913.3 ("Appeals [from, *inter alia*, decisions of a zoning officer] may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any person aggrieved."). Once the appeal to the board is taken, Section 908(3) provides that the parties to the hearing before the board are "the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board." 53 P.S. § 10908(3).

Baker was decided pursuant to Section 1007 of the MPC, which was repealed in 1988 and recodified in Section 913.3, supra. Section 1007 provided that "[p]ersons aggrieved by a use or development permitted on the land of another who desire to secure review . . . shall first submit their objections to the zoning hearing board . . ." 53 P.S. § 11007 (repealed). It further provided that "'[a]ppeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued." Id.

The landowner of the property at issue in Baker, which was located in West Goshen Township, Chester County, took an appeal to the zoning hearing board from a zoning officer's denial of a permit. 367 A.2d at 820. Before the board, a township resident, Baker, was present in opposition to the permit, called and cross-examined witnesses, and read a four-page closing statement, all without objection by the landowner. When the board granted the permit, Baker appealed to the trial court, which dismissed the appeal on the ground that she was not "a party aggrieved" and thus lacked standing to bring her appeal under Section 1007 of the MPC. On further appeal,

the Commonwealth Court resolved the issue of standing by distinguishing between "persons aggrieved," who, pursuant to Section 1007, could take an appeal to the board, and a "party aggrieved," which, pursuant to the same section, could take an appeal from the board (to the trial court). Baker, 367 A.2d at 821 ("The distinction with which we are here concerned is that between 'persons aggrieved' and a 'party aggrieved[.]' While any *person* aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board.").

The Commonwealth Court looked to Section 908(3) to discern who was a party before the board, and determined that because Baker was permitted by the board to appear as a party, without objection by the landowner, she was a party within Section 908(3). The court then examined Section 1007 and determined that Baker was also a "party aggrieved," and thus permitted to appeal from the board's decision to the trial court. Id. at 822-23 ("Having appeared and participated as a party before the Board, Mrs. Baker was necessarily aggrieved by the adverse decision of the Board. To hold otherwise would reduce to a nullity for purposes of the appeal the obtaining of the status of a party before zoning hearing boards."). See also In re Larsen, 616 A.2d 529 (Pa. 2005) (applying Baker to hold that an individual who was permitted to appear in opposition to an application by a landowner to the zoning board in Pittsburgh, to cross-examine witnesses, and to present evidence, was a party to those proceedings and was entitled to appeal the board's grant of the landowner's application as an aggrieved party).

In Thompson, a zoning appeal which arose in Horsham Township pursuant to the MPC, the landowner sought a use and dimensional variance from the zoning hearing board. 963 A.2d at 623. At a hearing on the matter, the board granted party status to Thompson without objection by the landowner. Id. at 624. After the board granted the variances, Thompson appealed to the trial court. The landowner sought to quash the appeal, arguing that Thompson lacked standing to appeal the board's decision because he was not aggrieved by the variances. Relying on Baker, the trial court denied the motion to quash, reasoning that the landowner waived any challenge to Thompson's standing by failing to object when the board granted him party status. Id. On appeal, the Commonwealth Court affirmed, also relying on Baker, and concluding that "because Thompson appeared and participated as a party before the [board] without objection by Landowner, he necessarily is aggrieved by the [board's] adverse decision and has standing to appeal that decision to the trial court." Id. at 625. The Commonwealth Court specifically rejected the landowner's reliance on Spahn "because that case was governed by the Zoning Code of the City of Philadelphia, not the MPC." Thompson, 963 A.2d at 625 n.6.

Therefore, by defining who is a party under the MPC, Section 908(3) limits who may appear and participate in zoning hearings. According to Baker, the purpose of achieving party status before the board is to establish who is aggrieved by an adverse decision. Additionally, according to Baker and Thompson, once an objector becomes a party before the board without objection by the landowner, the objector is "necessarily aggrieved" by an adverse decision of the board. Consequently, when an objector in a municipality governed by the MPC appears and participates before the board as a party

without objection, the party-objector is aggrieved and entitled to appeal the board's adverse decision. Philadelphia, however, is not governed by the MPC. Therefore, the MPC and cases applying it, such as Thompson, Larsen, and Baker, have no bearing on the distinct legislative and precedential framework applicable in Philadelphia.

Zoning in the City of Philadelphia is governed by the Zoning Code, at Chapter 14 of the Philadelphia Code, as well as the Home Rule Act, rather than the MPC. The Philadelphia Code, unlike the MPC, provides no definition of who is a party before the Board and does not limit who may appear and participate in a zoning hearing. Once an appeal is properly brought before the Board, as it was by FT as appellant from the decision of the Department of Licenses and Inspections, no other person who appears at the zoning hearing is required to have standing. As the City emphasizes, anyone is free to attend and address the Board at its hearings. In stark contrast to the MPC, attending and participating at the hearing does not confer standing to appeal to the trial court or render an individual "necessarily aggrieved" to appeal an adverse decision. Rather, as this Court decided in Spahn, the Home Rule Act defines who may appeal from the Board to the trial court.

Specifically, Section 17.1 of the Home Rule Act, 53 P.S. § 13131.1, provides standing in appeals from zoning matters in Philadelphia, as a city of the first class, to "any aggrieved person" as follows:

> In addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have standing to appeal any decision of a zoning hearing board or other board or commission created to regulate development within the city. As used in this section, the term "aggrieved person" does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development.

53 P.S. § 13131.1.

Section 17.1 of the Home Rule Act is contrary to the Philadelphia Code, which broadly granted standing to any taxpayer under Section 14–1807(1) ("Any person or persons jointly or severally aggrieved by any decision of the Board, or any taxpayer, or any officer, department, board or bureau of the City, may appeal. . . ."). We resolved this conflict in Spahn.

Specifically, in Spahn, we addressed, *inter alia*, whether by enacting Section 17.1 of the Home Rule Act the General Assembly had eliminated general taxpayer standing in Philadelphia and whether the appellants in fact had standing to pursue zoning challenges under traditional notions of standing. In resolving the question of Section 17.1, we held that by its plain language, the General Assembly intended "to give the specific power of standing to appeal a decision of a zoning hearing board within a city of the first class to the governing body vested with legislative powers and to 'aggrieved persons,'" Spahn, 977 A.2d at 1143, and that the local Philadelphia Code must cede to this legislative enactment. We further held that the General Assembly intended the term "aggrieved person" as it is generally understood and defined in William Penn. Under William Penn, a party is aggrieved if the party can show an interest that is substantial, direct, and immediate. Spahn, 977 A.2d at 1151 (citing William Penn, 346 A.2d at 280). We did not discuss whether a landowner was obligated to challenge an objector's standing before the Board, or otherwise address the timing of a challenge to standing.

Considering this legislative and precedential framework for zoning appeals in Philadelphia, we agree with the City and with FT that although anyone may appear

before the Board, to appeal a decision of the Board to the trial court it is necessary for the appellant to demonstrate that he or she is "an aggrieved person" as Section 17.1 requires and we defined in Spahn. A party is not necessarily aggrieved simply because he or she appeared or participated before the Board. Rather, to appeal from the Board to the trial court, an appellant must demonstrate in the trial court, if challenged, that he is aggrieved pursuant to William Penn and as applied in Spahn, and may not avoid this obligation by arguing that the landowner failed to challenge standing before the Board. It would be futile, and contrary to the law, to require a landowner to challenge the standing of everyone who participates before the Board, when there is no requirement that participation before the Board requires standing at that stage. Moreover, because the ability to appear and participate before the Board is distinct from standing to appeal the Board's decision to the trial court, the first time FT could challenge Objector's standing to appeal in this case was when Objector took the appeal to the trial court. FT's challenge to Objector's standing was, therefore, timely.

The Commonwealth Court in this case did not consider Spahn to be relevant to a determination of Objector's standing, focusing instead on FT's failure to object to standing before the Board. Rather than considering Spahn, the Commonwealth Court herein applied its decision in South of South Street, which resolved a Philadelphia zoning appeal by applying precedent decided under the MPC. In South of South Street, a landowner submitted an application to the Philadelphia Department of Licenses and Inspections seeking a zoning/use registration permit for his industrial zoned property, which was denied. The landowner appealed the decision to the Board, seeking a variance to use the property for commercial purposes. The Board conducted a hearing

on the landowner's appeal and initially granted the requested variance. Upon a letter from an objecting neighborhood association, however, the Board agreed to reconsider its decision and held a second hearing, at which the neighborhood association participated without objection by the landowner. The Board again granted the landowner's variance, subject to conditions. The neighborhood association appealed the Board's decision to the trial court, which affirmed.

On further appeal to the Commonwealth Court, the landowner challenged the neighborhood association's standing to bring the appeal. The Commonwealth Court resolved this challenge by relying on Thompson. South of South Street, 54 A.3d at 119-20 (citing Thompson, 963 A.2d at 625 (applying the MPC to hold that a party who participated before the board without objection was necessarily aggrieved by the board's adverse decision and therefore had standing to appeal)). Relying on this precedent without any analysis or recognition that Thompson arose outside of Philadelphia, the Commonwealth Court in South of South Street held that because the neighborhood association participated before the Board without objection from the landowner, it had standing to appeal. In reaching this decision the Commonwealth Court did not mention Spahn, William Penn, or otherwise analyze whether the neighborhood association was aggrieved as required by Section 17.1 of the Home Rule Act.

The South of South Street decision is problematic for several reasons. First, its holding that challenges to standing are waived unless presented to the Board was premised upon a case (Thompson) that was decided under the MPC which, as noted, is not applicable in Philadelphia. There is no requirement in Philadelphia similar to that in

Section 908(3) of the MPC that one must be permitted by the board to appear as a party as a prerequisite to standing. Rather, the City encourages broad public participation before the Board. Second, pursuant to Spahn, which South of South Street did not consider, only those individuals who are aggrieved by the Board's decision may appeal that decision to the trial court. Holding that an objector who participated before the Board without objection by the landowner is necessarily aggrieved by an adverse decision circumvents the limitation of Section 17.1 on the right to appeal the Board's decision to aggrieved persons as that term is defined in William Penn. Accordingly, the conclusion in South of South Street premised on Thompson that the neighborhood association had standing to appeal to the trial court because it participated before the Board without objection by the landowner, 54 A.3d at 120, is disapproved to the extent it is inconsistent with this decision.

In deciding the appeal in Objector's favor, the Commonwealth Court found that FT waived the issue of Objector's standing and declined to consider whether Objector was aggrieved as required by Section 17.1 of the Home Rule Act. This was error. Moreover, as the trial court held, a determination of whether Objector was aggrieved could not be made until after the Board issued its decision. FT therefore challenged Objector's standing to appeal the Board's grant of variances in this case at the first available opportunity in the trial court. We therefore reverse the Commonwealth Court's holding that FT waived its challenge to Objector's standing. Although the trial court held that Objector was not aggrieved, the Commonwealth Court did not consider this conclusion based on its finding of waiver. Finding no waiver, we remand the matter to

the Commonwealth Court for resolution of Objector's appeal from the trial court's determination that he was not aggrieved.

Mr. Chief Justice Saylor, Mr. Justice Eakin, Madame Justice Todd, and Mr. Justice Stevens join the opinion.