# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:  Appeal of Jose-Antonio Chacon   :
   :
From the Decision of City of   :   No. 1184 C.D. 2023
Philadelphia Zoning Board of   :
Adjustment and Dilover Tota   :   Submitted:  December 9, 2024
   :
Appeal of:  Dilover Tota   :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
   HONORABLE LORI A. DUMAS, Judge
   HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**      **FILED:  January 29, 2025**


Appellant Dilover Tota (Tota) appeals from the order entered by the Court of Common Pleas of Philadelphia County (Common Pleas) on September 18, 2023, granting Appellee Jose-Antonio Chacon's (Chacon) statutory zoning appeal. In doing so, Common Pleas reversed the decision of City of Philadelphia (City) Zoning Board of Adjustment (Board) entered November 29, 2022, which granted Tota's variance application regarding a property located at 2301 East Cambria Street in Philadelphia (Lot).  After thorough review, we affirm Common Pleas' order in part, reverse it in part, and remand this matter in part.

## I. BACKGROUND[1]

---

[1] We base our background summary upon the Board's aforementioned findings of fact and conclusions of law, as well as upon Common Pleas' opinion in support of its September 18, 2023 order.  *See generally* Board's Findings of Fact (F.F.) and Conclusions of Law (C.L.); Common Pleas Opinion, 9/18/23.

Tota purchased the Lot in July 2021, with the intention of renovating the two-unit residential structure located thereon.[2] His plans were thrown into disarray approximately a month later, however, when the City demolished the structure without notifying Tota in advance and then placed a $30,000 lien on the Lot. Tota responded by filing a zoning/use permit application with the City's Department of Licenses and Inspections (L&I), through which he sought permission to erect a three-unit residential building with two roof decks on the Lot. L&I then denied Tota's application on May 23, 2022, whereupon Tota appealed that denial to the Board, requesting relief in the form of a use variance and multiple dimensional variances.[3] The Board subsequently convened a hearing regarding Tota's appeal on November 9, 2022, and voted 3-2 at the hearing's conclusion to grant Tota's desired variances.[4]

Chacon, who lives at 2305 East Cambria Street, testified at the hearing in opposition to Tota's variance request. He then appealed the Board's decision to Common Pleas on December 29, 2022. Common Pleas took no additional evidence and, on September 18, 2023, granted Chacon's appeal, thereby reversing the Board's decision. This appeal by Tota to our Court followed shortly thereafter.

## II. DISCUSSION

---

[2] The Lot's building originally contained one commercial unit and one residential unit, as allowed by right under the Property's CMX-1 zoning. The commercial unit was then converted to residential in 2001, establishing the two-unit residential structure that Tota purchased roughly 20 years later.

[3] Tota sought a use variance to allow him to build a three-unit residential building on the Lot, as well as dimensional variances regarding minimum open area, rear yard depth, and roof deck setback distance. Tota subsequently filed a proviso with the Board, which eliminated his request for the roof deck dimensional variance.

[4] The Board did not release its formal decision memorizing this vote until November 29, 2022, and did not issue findings of fact and conclusions of law in support of that decision until June 5, 2023.

We summarize Tota's arguments as follows.[5] First, Common Pleas committed errors of law by ruling that Tota had waived his ability to challenge Chacon's standing and, alternatively, that Chacon had standing to appeal the Board's decision. *See* Tota's Br. at 19-24. Second, Common Pleas erred by addressing the merits of Chacon's arguments regarding undue hardship and whether the variances provided the minimum necessary relief, because Chacon waived those issues by failing to raise them before the Board. *See id.* at 17, 30-32. Finally, Common Pleas improperly reversed the Board's decision, because the Board's conclusion that Tota was entitled to his desired variances was supported by substantial evidence. *See id.* at 24-36.

We agree with Tota that he did not waive his ability to challenge Chacon's standing to appeal the Board's decision. Common Pleas predicated its determination upon the fact that Tota had not contested Chacon's standing during the course of the Board's hearing; thus, Common Pleas ruled that Tota's failure to do so precluded him from subsequently raising that issue in response to Chacon's appeal. *See* Common Pleas Op., 9/18/23, at 8-9. However, Common Pleas' reading

---

[5] Generally speaking, when a court of common pleas disposes of a statutory zoning appeal without considering any additional evidence, our standard of review "is limited to determining whether the zoning board committed an abuse of discretion or an error of law in rendering its decision." *Marshall v. City of Phila.*, 97 A.3d 323, 331 (Pa. 2014). A zoning board abuses its discretion when it issues factual findings that are not supported by substantial evidence. *DiMattio v. Millcreek Twp. Zoning Hr'g Bd.*, 147 A.3d 969, 974 (Pa. Cmwlth. 2016). Substantial evidence constitutes "relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached." *Borough of Fleetwood v. Zoning Hr'g Bd. of Borough of Fleetwood*, 649 A.2d 651, 653 (Pa. 1994).

A caveat to this rule exists, however, when a court of common pleas rules upon whether an appellant has standing to pursue their appeal. In such an instance, we scrutinize the court of common pleas' ruling *on that specific point* using a *de novo* standard of review and a plenary scope of review, due to the fact that standing is a pure question of law. *Scott v. City of Phila., Zoning Bd. of Adjustment*, 126 A.3d 938, 943 (Pa. 2015).

3

of the law on this point is manifestly incorrect, as it is well settled that an objector's standing cannot be contested before the Board; rather, such a challenge can *only* be properly lodged with Common Pleas, subsequent to the objector's filing of a statutory appeal regarding a Board-issued adjudication. *Scott v. City of Phila., Zoning Bd. of Adjustment*, 126 A.3d 938, 948-50 (Pa. 2015).[6] Common Pleas therefore erred as a matter of law when it concluded that Tota was barred from challenging Chacon's standing on account of waiver.

This error is ultimately harmless, however, because Common Pleas did not erroneously conclude that Chacon had standing to appeal the Board's decision. Per Section 17.1 of the Home Rule Act,[7] an individual cannot appeal a Board decision to Common Pleas unless they are aggrieved thereby. *Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1142-46 (Pa. 2009). "For an individual to be aggrieved, and therefore to have standing to appeal a decision of the Board, he or she must have a substantial, direct and immediate interest in the claim sought to be litigated." *Scott*, 126 A.3d at 940 (cleaned up). "A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; [and it] is immediate when the causal connection with the alleged harm is neither

---

[6] This is a legal quirk that is unique to Philadelphia due to the fact that zoning matters in the City are governed by the Philadelphia Zoning Code (Zoning Code) and the First Class City Home Rule Act (Home Rule Act), Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101-13157, rather than the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10101-11202. *Scott*, 126 A.3d at 948-50. The MPC governs such matters throughout the state, with the exception of those emanating from Pittsburgh and Philadelphia, and mandates that all challenges to objector standing be made in the first instance before the relevant zoning hearing board, with waiver being the penalty for failing to do so. *See id.*; *Thompson v. Zoning Hr'g Bd. of Horsham Twp.*, 963 A.2d 622, 624-25 (Pa. Cmwlth. 2009).

[7] Added by the Act of November 30, 2004, P.L. 1523.

remote nor speculative." *Off. of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014).

An objector can establish that they are aggrieved by a Board decision and secure standing to challenge that decision via an appeal by virtue of their property's proximity to the subject property of that decision. *Soc'y Created to Reduce Urb. Blight (SCRUB) v. Zoning Hr'g Bd. of Adjustment of City of Phila.*, 951 A.2d 398, 404 (Pa. Cmwlth. 2008). Such close proximity exists where the objector's property abuts or is adjacent to the subject property, as well as in instances where the objector holds a property interest in the subject property's immediate vicinity. *Plaxton v. Zoning Bd. of Adjustment*, 213 A.3d 374, 379 (Pa. Cmwlth. 2019); *SCRUB*, 951 A.2d at 404. As already noted, Chacon resides at 2305 East Cambria Street, which is two doors down from the Lot. *See* Notes of Testimony (N.T.) Bd. Hr'g, 11/9/22, at 18. Chacon is therefore aggrieved by the Board's decision, because his home is within the immediate vicinity of the Lot. As such, we agree with Common Pleas that Chacon had standing to appeal that decision.[8]

Turning to Tota's second argument, we agree that Common Pleas erred by largely predicating its reversal of the Board's decision on arguments that Chacon had failed to raise before the Board. Per Section 753(a) of the Local Agency Law, "if a full and complete record of the proceedings before the [relevant local] agency was made[, an appellant] may not raise . . . any other question [on appeal to a court of common pleas that was] not raised before the agency . . . unless allowed by the

---

[8] We are compelled to note that Tota repeatedly insists in his brief that Chacon does not have standing because Chacon told the Board that the zoning relief sought by Tota "does not really affect me." *See* Tota's Br. at 23-24. Tota's assertion is manifestly false. To the contrary, Chacon expressly testified that the desired relief "*does* really affect me." Notes of Testimony (N.T.) Bd. Hr'g, 11/9/22, at 18 (emphasis added). The most charitable reading of this inexplicable mischaracterization is that it is indicative of inattentive legal work.

5

court upon due cause shown." 2 Pa.C.S. § 753(a). Simply put, an appellant waives any issue they did not present before the local agency, unless they seek and obtain special dispensation from the court of common pleas to raise an otherwise waived argument at the appellate stage. *Id.*[9]

In this instance, Chacon clearly waived a number of issues for purposes of appellate review. He contested Tota's variance application before the Board on three bases: first, Tota's desired dimensional variance regarding the Lot's rear yard depth would negatively affect both the existing vista from Chacon's home and the amount of light received by Chacon's property;[10] second, Tota had not properly posted the Lot with notices regarding his zoning application; and third, the community petition that Tota presented to the Board in support of his variance application had not been offered in good faith, as the signatories did not understand the particulars of the relief sought by Tota. N.T. Bd. Hr'g, 11/9/22, at 19. Chacon then effectively reiterated his first assertion on appeal to Common Pleas, albeit in expanded form,[11] while simultaneously abandoning the latter two contentions. *See* Chacon's Common Pleas Br. at 6-12. In addition, he claimed for the first time that Tota had failed to establish that any undue hardship was not self-inflicted, as well as that the requested variances did not provide the minimum deviation from the Zoning

---

[9] There is an exception to this general waiver rule for "[questions] that the agency may not be competent to resolve[.]" 2 Pa.C.S. § 753(a). However, this exception is inapplicable to garden variety matters like this one, where the only question at hand is whether the Board abused its discretion or committed an error of law by determining that Tota had satisfied the requirements for obtaining his desired variances.

[10] Chacon testified, in relevant part, that "[t]he main thing is the property line going past [nine] feet that will affect my light, it will affect my view of my backyard." N.T. Bd. Hr'g, 11/9/22, at 19.

[11] Specifically, Chacon argued that the Board had abused its discretion and committed errors of law by concluding that granting the desired dimensional and use variances would prevent adjacent properties from having an adequate supply of light and air. Chacon's Common Pleas Br. at 11-12.

Code necessary to provide adequate relief. *See id.*[12] Common Pleas then reversed the Board's decision in full, without giving the slightest consideration to whether Chacon had properly preserved each of his arguments. *See* Common Pleas Op., 9/18/23, at 10-22. Simply put, Common Pleas should have ruled that Chacon had waived his arguments regarding undue hardship and minimum necessary relief[13] by failing to raise them when he appeared before the Board, and erred by doing otherwise.[14]

---

[12] Chacon did not seek leave from Common Pleas to raise these new arguments; instead, he presented them in his brief, without offering an explanation for why he did not present those arguments to the Board or any assertions that there was due cause for granting him leave to challenge the Board's decision on additional bases.

[13] Chacon argues in his brief that he preserved his minimum necessary relief argument by raising an adequately specific challenge on that basis during the course of the Board's hearing. Chacon's Br. at 18-19. We disagree. Chacon relies upon his statement at the hearing that he hoped Tota would develop the Lot "in line with the rest of the neighborhood, which is [zoned] RS-5." *Id.* at 18 (quoting N.T. Bd. Hr'g, 11/9/22, at 18-19). That statement is far too vague for us to interpret it as challenging whether the requested variances afforded Tota the minimum necessary relief; this is especially true considering that Chacon also acknowledged in essentially the same breath that "[Tota] can have multiple units, that is in his rights [sic]." N.T. Bd. Hr'g, 11/9/22, at 19.

[14] It bears mentioning that Common Pleas based a good portion of its reasoning upon L&I citations that were issued regarding the Lot in August 2021, despite the fact that those citations are not part of the Board's record and were only provided as an exhibit to Chacon's Common Pleas brief. *See* Common Pleas Op. 9/18/23, at 17-19; Chacon's Common Pleas Br., Ex. A. We also note that Common Pleas concluded that the Board allowed Tota's counsel to impermissibly offer hearsay evidence, in the form of testimony on behalf of his client, despite the fact that Chacon himself never challenged the admissibility of that testimony at any stage of the proceedings. *See* Common Pleas Op. 9/18/23, at 15-18; *see generally* Chacon's Common Pleas Br. Moreover, Common Pleas' blanket assertion that the statements made to the Board by Tota's attorney are inadmissible because they constituted hearsay evidence is not necessarily correct. Local agencies are not bound by the technical rules of evidence. 2 Pa.C.S. § 554. However, "the hearsay rule is not a mere technical rule of evidence, but a fundamental rule of law which ought to be followed by agencies when *facts crucial to the issue* are sought to be placed on the record and an objection is made thereto." *Ray v. Civ. Serv. Comm'n of Borough of Darby*, 131 A.3d 1012, 1024 (Pa. Cmwlth. 2016) (quoting *A.Y. v. Dep't of Pub. Welfare, Allegheny Cnty. Child. & Youth Servs.*, 641 A.2d 1148, 1151 (Pa. 1994)) (emphasis in original). "Thus, 'hearsay evidence, even if admissible and not objected to, does not alone constitute substantial evidence.'" *G.W. by H.W. v. Avonworth*

It follows from this that we must remand this matter to Common Pleas, so that the lower court can specifically address Chacon's argument that the variances will impair an adequate supply of light and air to adjacent properties. Per Pennsylvania Rule of Appellate Procedure 1925(a)(1),

> upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a)(1). "The purpose of the rule is to provide the appellate court with a reasoned basis for the trial court's order." *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 538 n.2 (Pa. Cmwlth. 2000). "[W]here the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal . . . the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter." *Com. v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005). Such a lapse also risks depriving the parties of "a meaningful context within which to make their arguments on appeal." *Id.* In the event a lower court has failed to produce an adequate opinion, it is proper for an appellate court to remand the matter with instructions that the lower court correct its oversight. *See id.*

In this instance, Common Pleas' opinion only articulates its reasoning regarding Chacon's undue hardship and minimum necessary relief arguments but is entirely silent as to why Common Pleas was specifically persuaded by Chacon's

---

*Sch. Dist.*, 297 A.3d 28, 39 (Pa. Cmwlth. 2023) (quoting *A.P. v. Dep't of Pub. Welfare*, 696 A.2d 912, 915 (Pa. Cmwlth. 1997)). In other words, the hearsay nature of the testimony offered by Tota's counsel did not, in and of itself, preclude the Board from accepting that testimony as competent evidence.

assertions about the granted variances' impact upon adjacent properties' light and air. *See* Common Pleas Op., 9/18/23, at 10-22. Given that Chacon waived the former two arguments, Common Pleas' failure to analyze the latter argument deprives us of the ability to determine whether there are *any* adequate grounds supporting its reversal of the Board's decision. We therefore remand this matter to Common Pleas, with instructions that it issue a supplemental opinion that explains its reasoning regarding Chacon's remaining argument, *i.e.*, that the Board erred as a matter of law and abused its discretion by concluding that the variances would not prevent adjacent properties from receiving an adequate supply of light and air.

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' order in part, with regard to Chacon's standing to appeal the Board's decision, and reverse in part, regarding Common Pleas' disposition of Chacon's arguments regarding undue hardship and minimum necessary relief. In addition, we remand this matter to Common Pleas with instructions that it issue a supplemental opinion within 60 days, in which it must specifically articulate the reasoning behind its disposition of Chacon's argument regarding the granted variances' impact upon adjacent properties' light and air.

_____
**LORI A. DUMAS, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Jose-Antonio Chacon  :
                                        :

From the Decision of City of         :    No. 1184 C.D. 2023
Philadelphia Zoning Board of      :
Adjustment and Dilover Tota     :
                                          :

Appeal of: Dilover Tota            :

## **O R D E R**

AND NOW, this 29th day of January, 2025, it is hereby ORDERED:

1. The Court of Common Pleas of Philadelphia County's (Common Pleas) September 18, 2023 order is AFFIRMED in part, with regard to its recognition of Appellee Jose-Antonio Chacon's (Chacon) standing to appeal;

2. Common Pleas' order is REVERSED in part, as to its disposition of Chacon's arguments regarding undue hardship and minimum necessary relief;

3. This matter is REMANDED in part to Common Pleas, with instructions that it issue a supplemental opinion within 60 days, in which it must specifically articulate the reasoning behind its disposition of Chacon's argument regarding the granted variances' impact upon adjacent properties' light and air.

Jurisdiction retained.

_____
**LORI A. DUMAS, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:  Appeal of Jose-Antonio Chacon    :
                                          :
From the Decision of City of             : No. 1184 C.D. 2023
Philadelphia Zoning Board of             :
Adjustment and Dilover Tota              : Submitted:  December 9, 2024
                                          :
 Appeal of:  Dilover Tota                :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WALLACE                                    FILED:  January 29, 2025


        I agree with the Majority's conclusion the Court of Common Pleas of
Philadelphia County (Common Pleas) "erred as a matter of law when it concluded
that [Dilover Tota (Tota)] was barred from challenging [Jose-Antonio Chacon's
(Chacon)] standing on account of waiver."  *See In re: Appeal of Jose-Antonio
Chacon* (Pa. Cmwlth., No. 1184 C.D. 2023, filed January 29, 2025), slip op. at 3-4
(Majority Opinion).  I also agree this "error is ultimately harmless," because Chacon
had standing to appeal in this matter.  *See id.*, slip op. at 4-5.

        I respectfully disagree, however, with the Majority's conclusion Chacon
waived the issues that Tota did not establish the requirements of undue hardship or
minimum relief necessary for his requested variances.  *See id.*, slip op. at 5-7
(Majority Opinion).  Because I believe Chacon did not waive these issues for review,

I would reach the merits of Chacon's arguments in this appeal. On the merits, I would conclude Tota did not present any competent evidence before the City of Philadelphia (City) Zoning Board of Adjustment (Board) regarding his requested variances. Therefore, I would affirm Common Pleas' decision to reverse the Board's grant of Tota's requested variances.

## I.      All Requirements of Tota's Requested Variances were Before the Board

It is well established that "[t]he party seeking [a] variance bears the burden of proof," and a zoning hearing board can only grant a variance if the applicant demonstrates it satisfies the applicable zoning ordinance's variance requirements. *In re: 3401 Sky Props., LLC*, 318 A.3d 152, 158 (Pa. Cmwlth. 2024) (citation omitted). "The burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious[,] and compelling." *Liberties Lofts LLC v. Zoning Bd. of Adjustment*, 182 A.3d 513, 530 (Pa. Cmwlth. 2018). Therefore, "[i]t is the function of [a] zoning board to determine whether the evidence satisfies the criteria for granting a variance." *Marshall v. City of Phila.*, 97 A.3d 323, 331 (Pa. 2014).

As a logical corollary to the applicant's heavy burden of proof, a participant at a zoning hearing does not carry an initial burden of disproving any of the requirements for variance relief. Likewise, a participant does not have a burden to argue before the Board that the applicant failed to carry his burden of proof.[1] Indeed, a participant cannot argue the Board erred in determining the applicant carried its

---

[1] Unlike traditional courtroom litigation, the Board's hearings are not strictly governed by the rules of evidence. *See* Section 14-303(14) of the Zoning Code. Also unlike traditional courtroom litigation, the Board's hearings do not always have an "opposing party" and are, therefore, not necessarily adversarial in nature. Consequently, even in the absence of an opposing party or an argument to the contrary, the Board must **always** receive an applicant's evidence and determine whether the applicant carried his burden of proof for the requested relief.

burden of proof before the Board has made such a determination. Instead, by raising the Board's error on appeal before Common Pleas, a participant raises the issue at the earliest opportunity.

Turning to this matter, Tota requested variances from the Board. By virtue of his application for a variance, Tota raised whether he could carry his burden of establishing each requirement for variance relief as issues before the Board. Therefore, any party could address whether Tota carried his burden of proof on appeal, *see* 2 Pa.C.S. § 753(a),[2] and I would conclude Chacon did not waive review of whether the Board erred in determining Tota carried his burden of proving each requirement for variance relief.

---

[2] As the Majority Opinion notes, Section 753(a) of the Local Agency Law (Section 753(a)) provides that "[a] party who proceeded before a local agency . . . [at which] a full and complete record of the proceedings before the agency was made . . . may not raise upon appeal any other question **not raised** before the agency . . . unless allowed by the court upon due cause shown." 2 Pa.C.S. § 753(a) (emphasis added). Rather than specifying "that party" or "such party" must have raised an issue before the local agency, the General Assembly drafted Section 753(a) with passive language. *See id.* We must presume the General Assembly did so intentionally. *See* 1 Pa.C.S. § 1903(a) ("[w]ords and phrases [in statutes] shall be construed according to rules of grammar and according to their common and approved usage"). Therefore, I would conclude Section 753(a) prevents a party from raising issues on appeal only when those issues were never placed before the local agency for consideration by any of the participants.

This conclusion is consistent with the nature of local agency proceedings, which have significant distinctions from traditional courtroom litigation. One of these distinctions is that local agency proceedings may be open to public participation. The Board's hearings are a prime example because they are open to the public and the Board is required to allow any organization or member of the public that attends to offer testimony. *See* Section 14-303(14)(c) and (d) of the City of Phila., Pa., Zoning Code (2012), *as amended* (Zoning Code). Nevertheless, the Board can place time limits on testimony and prevent duplicative testimony. *See* Section 14-303(14)(g) of the Zoning Code. In addition, Section 14-303(14)(i) of the Zoning Code permits attorneys who are representing parties at the Board's hearings to cross-examine witnesses, present evidence, and request subpoenas, but it does not permit unrepresented parties to perform these functions. Therefore, while the Board must allow public participation, the Board does not have to afford those appearing before it with the opportunity to state their full cases, examine all witnesses, or otherwise act as traditional courtroom litigants.

## II. Undue Hardship was Raised Before Board

Even if Tota's application did not raise the requirements for variance relief before the Board, a representative of the City's Planning Commission expressly argued that Tota's "hardship claim is not supported with evidence of unique physical circumstances or conditions of the property." Reproduced Record (R.R.) at 92-93. Therefore, the issue of whether Tota proved an undue hardship was expressly considered by the Board. As outlined above, this issue was preserved for appeal by any party. *See* 2 Pa.C.S. § 753(a).

## III. Tota Failed to Carry his Burden of Proof

It is well settled that an attorney's statements generally are not evidence. *Sch. Dist. of Phila. v. Bd. of Revision of Taxes*, 217 A.3d 472, 485 (Pa. Cmwlth. 2019) (citation omitted). The City's Zoning Code[3] (Zoning Code) also explicitly provides, "any person may appear in person or by an attorney [at the Board's hearings] . . . . **Statements by a person's attorney on his or her behalf shall not be considered testimony**, **except where agreed upon by the parties**." Section 14-303(14)(e) of the Zoning Code (emphasis added).

Despite there being no agreement on the record that Tota's attorney could testify in this matter, the Board placed Tota's attorney under oath. R.R. at 73. Tota's attorney then proceeded to "testify" regarding Tota's application. *See id.* at 73-86. At the conclusion of Tota's attorney's comments, Tota's attorney attempted to have Tota adopt his "testimony." *Id.* at 86. Tota, however, was not present for the hearing. *Id.* The Board's chair, rather than wait for Tota to appear and affirm his counsel's statements, said "[all] right, so, [Tota's counsel], you're an officer of the

---

[3] City of Phila., Pa., Zoning Code (2012), *as amended*.

court. We'll accept your testimony." *Id.* at 87. Tota did not testify at any later point, nor did any individual testify on Tota's behalf regarding the requirement for variance relief.[4] *See generally id.* at 73-94.

Common Pleas properly identified the Board's error as follows:

> Review of the submitted Certified Record of the virtual [Board] hearing and the attached Exhibits thereto . . . revealed that the [Board] had erroneously adopted the entwined oral argument and inadmissible portions of the sworn testimony of [Tota's] attorney . . . without requiring any sworn testimonial affirmation on the record from his clients or any individuals who had possessed direct knowledge of the veracity of his assertions or who had possessed expertise.
>
> Thus, [Tota's attorney's] statements and voiced non-expert opinions that had been based upon unsupported hearsay should have been excluded from consideration.

R.R. at 200.

Indeed, the Board erred in this matter. The parties never agreed that Tota's counsel could testify in this matter, and no competent witness affirmed Tota's counsel's comments. As a result, none of Tota's counsel's statements can be considered evidence.[5] *See* Section 14-303(14)(e) of the Zoning Code. Because Tota

---

[4] The owner of one neighboring property briefly testified on Tota's behalf, but only to state he was "in support of this requested variance." *See* R.R. at 87-88.

[5] The Majority Opinion asserts Common Pleas erred in addressing this issue because "Chacon . . . never challenged the admissibility of [Tota's attorney's] testimony at any stage of the proceedings." *In re: Appeal of Jose-Antonio Chacon* (Pa. Cmwlth., No. 1184 C.D. 2023, filed January 29, 2025), slip op. at 7 n.14 (Majority Opinion). While it is true that Chacon did not specifically challenge the admissibility of Tota's attorney's statements, Chacon was not obligated to do so before the Board. Section 14-303(14)(e) of the Zoning Code prohibits an attorney's statements from being considered as evidence "except where agreed upon the parties." The parties did not agree the Board could consider Tota's attorney's statements as evidence, so the Board was not permitted to do so. In addition, Chacon raised the issue before Common Pleas of whether the Board's conclusion Tota established the requirements for variance relief was supported by substantial evidence. *See generally* Chacon's Common Pleas Br. This Court has explained that
**(Footnote continued on next page…)**

did not testify, nor have any other witnesses testify on his behalf regarding the requirements for variance relief, Tota did not present any competent evidence before the Board. Accordingly, I would affirm Common Pleas' decision, which properly concluded the Board's decision was not supported by substantial evidence. In doing so, I would also caution the Board to comply with Section 14-303(14)(e), which makes clear that unless the parties agree otherwise, statements by a person's attorney shall not be considered testimony. The Board's common practice otherwise violates the Zoning Code.

_____

STACY WALLACE, Judge

---

in conducting a substantial evidence analysis, "the pertinent inquiry is whether there is any **evidence** which supports the [fact finder's] factual findings." *W. Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (emphasis added). All courts in the Commonwealth of Pennsylvania, including this Court, regularly do not consider attorney statements and arguments as evidence in conducting a substantial evidence analysis, even without being prompted by one of the parties. Therefore, I believe Common Pleas' decision to disregard statements that were not evidence in conducting its substantial evidence analysis was proper under its, and our, standard of review.