IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Scott,                          :
                    Appellant       :
                                     :
        v.                           :    No. 154 C.D. 2013
                                     :    Submitted: February 3, 2017
City of Philadelphia, Zoning Board   :
of Adjustment and FT Holdings L.P.   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: July 12, 2017

On remand from the Supreme Court of Pennsylvania, we decide whether John Scott (Objector) had standing to appeal a decision of the Philadelphia Zoning Board of Adjustment (Zoning Board) granting variances to a real estate developer. For the reasons that follow, we hold that Objector lacked standing to appeal. Accordingly, we affirm the order of the Court of Common Pleas of Philadelphia County, First Judicial District (trial court) to quash Objector's appeal.

FT Holdings, L.P. (FT) is the developer of a condominium complex located at East Thompson Street and Columbia Avenue in the Fishtown section of Philadelphia. On March 9, 2012, FT submitted an application for a zoning/use permit to the Philadelphia Department of Licenses and Inspections concerning three properties it owned adjacent to the planned complex. The application sought to relocate lot lines, consolidate and merge two lots into the third lot, demolish existing structures on two of the lots, and erect a four-story residential structure containing nine residential dwelling units.

The Department of Licenses and Inspections denied FT's application for a zoning/use permit, citing several sections of the Philadelphia Zoning Code.[1] On April 10, 2012, FT appealed to the Zoning Board and sought variances. The Zoning Board held a hearing on May 2, 2012. At the hearing, FT's counsel explained that having already been authorized to develop 26 residential units, FT now sought variances for "Phase 3" of the project. Phase 3 would include the construction of a four-story, 49-foot tall building containing nine residential units. FT's counsel asserted that the project had the support of the Fishtown Civic Association, the Fishtown Neighbors Association, and the City Council President.

Objector's counsel also appeared at the hearing to present his client's concerns. Specifically, Objector asserted that FT provided insufficient notice of the proposed construction and any notice it posted was in an improper location. Additionally, Objector expressed the following concerns:

> It's a violation of height restrictions, [] it's not within the character of the neighborhood. Light. There will be less light on the street for people for visibility purposes and to view the city. There will be constraints on traffic and parking.

---

[1] FT's proposed use violated Section 14-205 of the Philadelphia Zoning Code because the proposed use was not permitted in that zoning district, it did not meet the open area requirement, and it exceeded the maximum height and stories permitted. The proposed use also violated Section 14-113 of the Zoning Code because it created multiple structures with an insufficient number of yards, and Section 14-1402 because it proposed only 32 off-street parking spaces instead of the required 35. The version of Title 14 of the Philadelphia Zoning Code under which the Department of Licenses and Inspections reviewed FT's application was repealed and replaced, effective August 22, 2012. Our references to Title 14 all refer to the historical version of this Title.

Notes of Testimony (N.T.), Zoning Board Hearing, at 10; Reproduced Record at 10a (R.R. __). FT did not object to Objector's participation in the Zoning Board hearing. On May 17, 2012, the Zoning Board granted the variances.

On June 18, 2012, Objector appealed the Zoning Board's decision to the trial court. FT intervened, and on December 3, 2012, moved to quash Objector's appeal, arguing that he lacked standing because he was not "aggrieved" by the Board's decision as required by Section 17.1 of the First Class City Home Rule Act (Home Rule Act).[2] The trial court agreed and on January 9, 2013, quashed Objector's appeal without addressing the merits. The trial court reasoned in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion that Objector had not established that the Board's grant of the variances to FT had a "substantial, direct, and immediate" effect on Objector's interests. Trial Court Rule 1925(a) Opinion, 3/25/2013, at 9 ("Simply put, [Objector] does not want to look at [FT's] project."). Objector appealed to this Court.

On appeal, we reversed the trial court's order, holding that FT had waived its challenge to Objector's standing by not raising it before the Zoning Board. In doing so, this Court relied primarily upon its prior decision in *South of South Street Neighborhood Association v. Philadelphia Zoning Board of Adjustment*, 54 A.3d 115 (Pa. Cmwlth. 2012), which extended holdings decided under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31,

---

[2] We note that because this matter arose in the City of Philadelphia, it is governed by the Philadelphia Home Rule Charter, 351 Pa. Code §§1.1-100 – 12.12-503, which was adopted pursuant to the Home Rule Act, Act of April 21, 1949, P.L. 665, *as amended* by the Act of June 1, 1995, P.L. 45, 53 P.S. §§13101-13157. Section 17.1 of the Home Rule Act, added by the Act of November 30, 2004, P.L. 1523, provides standing in appeals of zoning matters "to any aggrieved person." 53 P.S. §13131.1.

3

1968, P.L. 805, *as amended*, 53 P.S. §§10101 – 11202, to apply to Philadelphia Zoning Board proceedings.[3] We remanded for the trial court to consider the merits of Objector's appeal. FT appealed to the Pennsylvania Supreme Court.

On review, in *Scott v. City of Philadelphia, Zoning Board of Adjustment*, 126 A.3d 938 (Pa. 2015), the Supreme Court held that this Court erred in finding that FT waived its challenge to Objector's standing. More specifically, the Supreme Court rejected our reliance on cases decided under the MPC to find that challenges to standing are waived unless first presented to the Zoning Board and expressly disapproved of *South of South Street*, 54 A.3d 115. The Supreme Court held that, although the "legislative and precedential framework for zoning appeals in Philadelphia" allows anyone to appear before the Zoning Board, "to appeal a decision of the Board to the trial court it is necessary for the appellant to demonstrate that he or she is 'an aggrieved person' as Section 17.1 requires and we defined in *Spahn* [*v. Zoning Board of Adjustment*, 977 A.2d 1132 (Pa. 2009)]." *Scott*, 126 A.3d at 949. Holding that the issue of Objector's standing was properly raised for the first time in the trial court, the Supreme Court vacated this Court's order and remanded the case for us to review the trial court's determination that Objector was not "aggrieved" by the Zoning Board's decision.[4]

---

[3] These prior holdings are *Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622 (Pa. Cmwlth. 2009), and *Baker v. Zoning Hearing Board of West Goshen Township*, 367 A.2d 819 (Pa. Cmwlth. 1976). Both of those cases hold that challenges to standing are waived unless first presented to the zoning hearing board.

[4] Where a trial court considers evidence on a standing issue that is not addressed by the zoning hearing board, we must determine whether the trial court committed an abuse of discretion or an error of law. *Gateside-Queensgate Company v. Delaware Petroleum Company*, 580 A.2d 443 (Pa. Cmwlth. 1990).

We begin our inquiry with Section 17.1 of the Home Rule Act, which grants standing to any "aggrieved person" to appeal a Philadelphia Zoning Board decision to the trial court. It states, in full:

> In addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have standing to appeal any decision of a zoning hearing board or other board or commission created to regulate development within the city. As used in this section, the term "aggrieved person" does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development.

53 P.S. §13131.1. In *Spahn*, 977 A.2d 1132, the Supreme Court held that the legislature intended the term "aggrieved person" in Section 17.1 to have its generally understood meaning as set forth in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269 (Pa. 1975). Under *William Penn*, a party is aggrieved if the party can show an interest that is substantial, direct, and immediate. *Id.* at 280.

> In order to be substantial, there must be some discernible effect on some interest other than the abstract interest all citizens have in the outcome of the proceedings. In order to be direct, the party must show some causation of harm to his interest. In order to be immediate, there must be a causal connection between the action complained of and the injury to the person challenging it.

*Spahn*, 977 A.2d at 1151 (citing *William Penn*, 346 A.2d at 280-83) (internal citations omitted).

The trial court, applying the above-recited standards, held that Objector failed to establish that he was an "aggrieved person" under Section 17.1 of the Home Rule Act, 53 P.S. §13131.1. We agree.

5

At the Zoning Board hearing, Objector voiced several concerns about Phase 3 of FT's condominium project. First, he stated that the public notices were insufficient because FT posted them in improper locations.[5] Further, Objector averred that FT failed to establish the undue hardship necessary for a variance. Finally, Objector anticipated that the new building would adversely affect traffic and parking in the neighborhood, and its height would reduce the natural light on the street.

Objector raised similar concerns before the trial court. He argued that he is aggrieved because he lives on the same block as the project and has to drive by it, that FT failed to establish undue hardship, and that construction of a four-story building would alter the character of the neighborhood, which currently consists of two and three-story buildings.

We agree with the trial court that Objector failed to demonstrate that he is an "aggrieved person" for purposes of standing. His claimed interests are not "substantial, direct, and immediate." *Spahn*, 977 A.2d at 1151. He identifies no individual interest that will be affected by FT's Phase 3 development. Objector's concerns about the amount of light on the street and the undesirability of living in close proximity to the construction zone are the type of abstract interests common to all citizens in the neighborhood that the Supreme Court described in *Spahn*. The same is true of Objector's parking and traffic concerns, which were also unsupported by any evidence.

---

[5] Counsel for FT explained that the notice posters were torn down and his office obtained duplicate posters, which were immediately re-posted. N.T., Zoning Board Hearing, at 8; R.R. 8a.

6

In sum, we agree with the trial court's conclusion that Objector simply "does not want to look at [FT's] project." Trial Court Rule 1925(a) Opinion, 3/25/2013, at 9. This is insufficient to establish that Objector is an "aggrieved person" as set forth in *Spahn*.

For all of these reasons, we hold that Objector lacked standing to appeal the Zoning Board's order. Accordingly, we affirm the trial court's order quashing Objector's appeal.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Scott,                         :
                    Appellant      :
                                    :
              v.                    :     No. 154 C.D. 2013
                                    :
City of Philadelphia, Zoning Board  :
of Adjustment and FT Holdings L.P.  :

# **O R D E R**

AND NOW, this 12th day of July, 2017, the order of the Philadelphia County Court of Common Pleas dated January 19, 2013, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge